**GEAUGA COUNTY DEPARTMENT OF HUMAN SERVICES et al.**

v.

**HALL.**

Court of Common Pleas of Ohio,
Geauga County,
Juvenile Division.

No. 94PN000299.

Decided Jan. 5, 1995.

*Dawn M. Gargiulo*, Geauga County Assistant Prosecuting Attorney, for plaintiffs Geauga County Department of Human Services and Gwen Wildman.

*Glen Forbes*, for defendant Mark Hall.

CHARLES E. HENRY, Judge.

This matter came on for consideration of the oral request that was made by counsel for Mark Hall, Glen Forbes, that he be appointed as indigent counsel for Mark Hall. Said oral request was made prior to commencement of the support

hearing that was held on December 30, 1994. This action results from a complaint that was filed on May 18, 1994, alleging that Lanny Wildman, or alternately Mark Hall, was the natural father of Dalton Wildman. The complaint included a demand that the court establish an appropriate child support order. The defendant, Mark Hall, has never contested that he is the father of Dalton Wildman and has voluntarily consented to blood tests, which were returned indicating that Mark Hall was the probable natural father of Dalton Wildman. Said genetic tests were filed with the court on July 26, 1994. On September 20, 1994, a hearing was held on the issue of paternity. At the time of the hearing, the parties stipulated to the authenticity and admissibility of the HLA blood group test results, and Mark Hall acknowledged that he was the natural father of the minor child. By an entry filed on October 4, 1994, defendant Mark Hall was adjudicated to be the natural father of Dalton Hall, and Lanny Wildman was dismissed as a party defendant.

The matter was reset for a support hearing, which was held on December 30, 1994. It was at this hearing to determine support that Mark Hall, through his attorney, requested that indigent counsel be appointed to represent him. As part of his motion for appointment of indigent counsel, Mark Hall, through counsel, submitted to the court the case of *State ex rel. Cody v. Toner* (1983), 8 Ohio St.3d 22, 8 OBR 255, 456 N.E.2d 813.

In the *Toner* case, the Ohio Supreme Court ruled that an indigent defendant in a paternity case has a right to a court-appointed attorney when the defendant faces the state as an adversary and the complainant-mother and her child are recipients of public assistance. The Supreme Court ruled that the denial of a court-appointed attorney in such a situation violates the due process guarantees of the Ohio and United States Constitutions. See *State ex rel. Cody v. Toner, supra,* 8 Ohio St.3d at 24, 8 OBR at 257, 456 N.E.2d at 815. In reaching its decision, the court applied the balancing test articulated in *Little v. Streater* (1981), 452 U.S. 1, 101 S.Ct. 2202, 68 L.Ed.2d 627. In *Streater,* the court dealt with the issue of whether an indigent paternity defendant had a right to have blood grouping tests performed at the state's expense. In that case, the court applied a three-part balancing test to determine whether blood group tests should be made available to the indigent defendant. The court balanced the following three factors: (1) the private interests involved; (2) the risk of error if current procedures are used versus the probable value of additional procedural safeguards; and (3) the burden which the proposed additional procedural safeguards would place on the state.

In the *Toner* case, the court applied the same balancing test to determine whether an indigent defendant in a paternity case had a right to a court-appointed attorney. The Ohio Supreme Court found that the defendant had a

compelling interest in the accuracy of the determination of the parent-child relationship. The court in *Toner* placed special emphasis on the importance of such a determination to both the alleged parent and the child. The court further found that the integrity of the paternity determination could easily be damaged if the indigent defendant was denied counsel during the paternity proceedings. The court then weighed the state's asserted monetary interest in refusing to provide legal counsel for the indigent defendant in a paternity action. The court, in applying the balancing test, determined that the importance of accurately determining the existence of the parent-child relationship and the risk of jeopardizing the integrity of the proceedings without indigent counsel being appointed outweighed the state's asserted monetary interest in refusing to provide legal counsel. *State ex rel. Cody v. Toner, supra,* 8 Ohio St.3d at 23–24, 8 OBR at 256–257, 456 N.E.2d at 814–815.

The present case is distinguishable from the *Toner* case. In the present case, the defendant, Mark Hall, is not contesting that he is the father of the infant. The issue of paternity was established at an earlier hearing and is no longer at issue. The defendant is requesting the appointment of counsel to contest whether he should have to reimburse the Geauga County Department of Human Services for ADC payments allegedly paid for the support of his child and whether he should be responsible for reimbursing the cost of birth-related expenses that were allegedly paid by the state of Ohio. When applying the three-part balancing test, the court finds that the private interest of determining the accurate amount of child support that should be paid by a parent does not rise to the same level of importance as accurately establishing the parent-child relationship. The court finds that the defendant is no more entitled to court-appointed counsel than any other parent who is challenging the establishment of a child support order.

It is the practice of this court to bifurcate hearings on the complaints to establish paternity and child support. The first hearing is held to determine whether the parent-child relationship exists. If necessary, a second hearing is held to determine support issues. The court finds that to require the court to appoint counsel for indigent defendants for purposes of determining child support after the parent-child relationship has been established would impose a significant hardship on the court and would hinder the court's ability to adequately provide counsel in situations in which the court is already under an obligation to provide counsel.

The defendant is not entitled to counsel appointed by the court at a hearing that is solely for purposes of determining the support obligation of the defendant. Forbes's request that he be appointed as indigent counsel for the defendant is denied.

78

You are hereby notified that on this date a judgment entry was filed that *may* be an "appealable" order.

IT IS SO ORDERED.

*So ordered.*